IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIJAH SHERMAN, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 3:17-CV-3111-M | |
| § | | |
| DITECH FINANCIAL LLC, § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this foreclosure case been automatically referred for full case management. Before the Court for recommendation is *Defendant's Motion for Judgment on the Pleadings*, filed June 6, 2017 (doc. 8). Based upon the relevant filings and applicable law, the motion for judgment on the pleadings should be **GRANTED**.

**I. BACKGROUND**

This case involves the attempted foreclosure of real property located at 4337 Mill Creek Road, Dallas, Texas 75244 (the Property). (*See* doc. 1-8 at 3.)[1] On September 28, 2017, Elijah Sherman (Plaintiff) filed this lawsuit against Ditech Financial LLC (Defendant) in the 162nd District Court of Dallas County, Texas, to prevent the pending foreclosure of the Property. (*See* doc. 1-5.) On October 2, 2017, Plaintiff amended his original petition and application for temporary restraining order. (doc. 1-8.) On November 13, 2017, Defendant removed this action to federal court on the basis of federal question and diversity jurisdiction. (*See* doc. 1.)

Plaintiff alleges he is the owner of the Property, which is subject to a mortgage loan being serviced by Defendant. (doc. 1-8 at 3.) On or about August 31, 2016, prior to any default of the

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

loan, he applied for a loan modification and provided Defendant all the information required. (*Id.*) Defendant allegedly instructed him "not to make any payments during the review of the loan modification application." (*Id.*) He also claims that Defendant verbally approved his loan modification and told him that "there was $2,885.00 being held in [his] 'surplus account' that would be applied toward his loan modification payments." (*Id.* at 3-4.) Although Defendant promised to mail him the loan modification agreement, Plaintiff never received it, nor "any denial notice of his loan modification." (*Id.* at 4.) Defendant has also not applied the $2,885.00 surplus funds to his loan and has refused to accept any of his payments. (*Id.*) Plaintiff alleges that Defendant posted a Notice of Trustee's Sale stating that the Property would be sold on October 3, 2017. (*Id.*)

Plaintiff contends that Defendant violated 12 C.F.R. § 1024.41 of the Real Estate Settlement Procedures Act ("RESPA") by failing to provide him written notice of its decision on his loan modification application within thirty days of receipt, as it was statutorily required to do. (doc. 1-8 at 5.) Because it failed to comply with the notice requirements of § 1024.41(c)(1)(ii), Plaintiff argues, "Defendant does not have the authority to execute any foreclosure sale." (*Id.* at 6.) He claims his "credit reputation" was damaged by Defendant's refusal to accept any of his monthly payments, and that he spent "significant time on the process of the loan modification application and estimates incurred expenses in the approximate amount of $500.00." (*Id.* at 4.) He also argues that violations of § 1024.41 are actionable under 12 U.S.C. § 2605(f), "which in turn allows for the recovery of actual damages, court costs, statutory damages of up to $2000, and attorney fees." (*Id.*) Plaintiff seeks actual damages, statutory damages and costs, compensatory damages, and his reasonable and necessary attorney's fees and costs. (*Id.* at 8.)

On June 7, 2018, Defendant moved for judgment on the pleadings. (doc. 8.) With a timely-filed response and reply, this motion is ripe for consideration. (docs. 16, 18.)

## II. MOTION FOR JUDGMENT ON THE PLEADINGS

Parties may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props.*, Ltd., 914 F.2d 74, 76 (5th Cir. 1990)). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *See Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007); *see also Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 793-94 (N.D. Tex. 2013) (citing *id.*) ("As with a Rule 12(b)(6) motion, the question under Rule 12(c) is whether the plaintiff is entitled to offer evidence to support his claim, not whether he will ultimately prevail on the merits.").

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if its strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

3

*Id.* at 555*; accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probably requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

Defendant argues that its Rule 12 (c) motion should be granted because Plaintiff's amended petition fails to allege that Defendant violated 12 C.F.R § 1024.41 of RESPA, and that he sustained actual or statutory damages as a result of those violations.

### A. RESPA

RESPA protects borrowers, in part, by prohibiting predatory practices in the lending and servicing of federally-related mortgage loans. *See* 12 U.S.C. §§ 2601(a), 2605-2608; *Val-Com Acquisitions Trust v. Chase Home Fin. LLC*, 3:10-CV-1214-K, 2011 WL 1938146, at *3 (N.D. Tex. May 19, 2011). Title 12 C.F.R. § 1024.41, known as Regulation X, is a RESPA implementing regulation that sets out the procedures and timeframe for reviewing loss mitigation applications, including the servicer's obligation to provide the borrower written notice, within thirty days receipt

4

of a complete loss mitigation application, of the loss mitigation options it will offer the borrower, or the specific reasons for denying the application. *See, e.g.,* 12 C.F.R. § 1024.41(c), (d); *see also Obazee v. The Bank of N.Y. Mellon*, No. 3:15-CV-1082-D, 2015 WL 4602971, at *3-4 (N.D. Tex. July 31, 2015). Notably, "[n]othing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option." *Id.* § 1024.41(a).

"A servicer is only required to comply with the requirements of [Regulation X] for a single complete loss mitigation application for a borrower's mortgage loan account." 12 C.F.R. § 1024.41(i) (2016). In other words, Regulation X "only appl[ies] to a borrower's first loss mitigation application." *Wentzell v. JPMorgan Chase Bank, Nat'l Ass'n*, 627 F. App'x 314, 318 n.4 (5th Cir. Oct. 2, 2015); s*ee, e.g., Allen v. Wells Fargo Bank Nat'l Ass'n*, No. 3:16-CV-0249-D, 2017 WL 3421067, at *4 (N.D. Tex. Aug. 9, 2017) ("[T]he court agrees with [the bank's] position and holds that, under § 1024.41(i), [a] servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account.") (internal citations omitted); *Bobbitt v. Wells Fargo Bank, N.A.*, No. H-14-387, 2015 WL 12777378, at *3 (S.D. Tex. May 7, 2015) ("The plain text of 12 C.F.R. § 1024.41 does not require compliance with 12 C.F.R. § 1024.41 for multiple loss mitigation applications.").

Here, Plaintiff does not allege any facts in his amended petition that would enable a court to draw the reasonable interference that the loan modification application he sent to Defendant was his first application. (*See* doc. 1-8.) Although he responds to Defendant's motion by arguing that "this was Plaintiff's first complete loss mitigation application," (doc. 16 at 3), courts look only to the pleadings in deciding a motion under Rule 12(c). *Great Plains Trust Co.*, 313 F.3d at 313 n.8. When considering a motion for judgment on the pleadings, the court's "inquiry focuses on the allegations in the pleadings and not on whether the plaintiff actually has sufficient evidence to

5

succeed on the merits." *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009) (internal citations omitted). Plaintiff's new assertions cannot be considered. *See Guzman v. Nationstar Mortg. LLC*, No. 4:17-CV-00823-O-BP, 2017 WL 6597959, at *2 (N.D. Tex. Dec. 8, 2017), *recommendation adopted by* 2017 WL 6594199 (N.D. Tex. Dec. 26, 2017) (dismissing the borrower's § 1024.41 claim after refusing to consider his claim that his loan modification application was his first because that assertion was first raised in his response to the motion to dismiss).

Plaintiff's argument that Defendant must provide proof that he "had submitted a previous loan modification application" likewise fails.[2] (doc. 16 at 3-4.) "RESPA does not require a loan servicer to 'bring forward evidence' of its compliance absent any allegation of wrongdoing." *Armendariz v. Bank of Am., N.A.*, No. EP-15-CV-00020-DCG, 2015 WL 3504961, at *5 (W.D. Tex. May 21, 2015).

Plaintiff's amended petition does not sufficiently allege that Defendant violated § 1024.41, so his RESPA violation claim is subject to dismissal. *See Solis v. U.S. Bank, N.A.*, 726 F. App'x 221, 223 (5th Cir. 2018) (per curiam) ("The district court did not err when it held that the [plaintiffs] failed to allege that this application was their first complete loss mitigation application. . . . Thus, [the plaintiffs] again failed to plead the prerequisites of a plausible claim."); *see, e.g., Jones v. Select Portfolio Servicing,*, No. 3:16-CV-2331-K-BN, 2016 WL 6581279, at *7 (N.D. Tex. Oct. 12, 2016), *recommendation adopted by* 2016 WL 6566538 (N.D. Tex. Nov. 3, 2016) (granting motion to dismiss because "[n]othing in Plaintiff's Petition allows the Court to infer that this suit concerns

---

[2] Even if Defendant provided proof of Plaintiff's prior applications, such evidence could not be considered under Rule 12(c), as it would involve matters outside the pleadings. *See Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196.

Plaintiff's first loan modification request").[3]

### B. **Damages**

Defendant argues that dismissal of Plaintiff's RESPA violations claim is also proper because he fails to allege that he suffered actual damages as a result of the alleged violations, and does not allege facts that suggest it engaged in a pattern or practice of compliance such that he would be entitled to statutory damages. (doc. 8 at 8.)

#### 1. *Actual Damages*

A borrower may enforce the provisions of § 1024.41 pursuant to § 6(f) of RESPA, which includes a private right of action for damages. 12 C.F.R. § 1024.41(a). To recover against a lender or mortgage servicer for violating RESPA, the borrower must allege actual damages resulting from the violation. 12 U.S.C. § 2605(f)(1)(A); *see Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014) (per curiam). Additionally, a prevailing plaintiff is entitled to recover its reasonable attorney's fees and costs. *See* 12 U.S.C. § 2605(f)(3).

Here, Plaintiff claims that due to Defendant's actions, he has "expended significant time on the process of the loss modification application and estimates incurred expenses in the approximate amount of $500.00." (doc. 16 at 4.) He claims that other federal courts have concluded that actual damages can include lost time and inconvenience, such as time spent away from employment while preparing correspondence to the loan servicer. (*See id.,* citing *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1366 (S.D. Fla. 2009) (citations omitted), *aff'd by* 398 F. App'x 467 (11th Cir. 2010)).

---

[3] Plaintiff includes a request that the parties be allowed to conduct discovery to address the merits of his claims against Defendant. (doc. 16 at 2.) "Because the court is directed to look solely at the allegations on the face of the pleadings, discovery would not assist [Plaintiff] in defending the 12(c) motion," *see Ackerson*, 589 F.3d at 209, even if the request had been properly made in a motion that complies with the applicable rules of civil procedure and local civil rules.

A well-pleaded complaint seeking damages under § 6(f) of RESPA needs to "allege facts showing not only that the plaintiff suffered damages, but also that those damages were incurred 'as a result of the failure' of the lender to comply with the statute or regulations." *Ruiz v. PennyMac Loan Servs., LLC*, No. 3:18-CV-1544-D, 2018 WL 4772410, at *3 (N.D. Tex. Oct. 3, 2018) (citing 12 U.S.C. § 2605(f)(1)(A)). Any expenses incurred or time lost by Plaintiff *prior* to Defendant's alleged violations of Regulation X are not recoverable "because it cannot be said that they were caused by [its] noncompliance." *Id.* Plaintiff's claim that he incurred approximately $500 on the loss modification application process is insufficient to create a reasonable inference that the damages resulted from Defendant's violation of Regulation X. *See Solis v. U.S. Bank, N.A.*, No. H-16-00661, 2017 WL 4479957, at *4 (S.D. Tex. June 23, 2017), *aff'd by* 726 F. App'x 221 (5th Cir. 2018) (dismissing the plaintiffs' RESPA claim under § 1024.41 because they "fail to establish a nexus between any of [the defendant's] alleged RESPA violations and the damages suffered as a result"). Expenses "involved in preparing and sending the loss mitigation application, or in following up on the application before the regulatory deadline" are not recoverable as damages unless those expenses are traceable to the defendant's RESPA violation. *Ruiz,* 2018 WL 4772410, at *3.

Plaintiff also claims his "credit reputation" was damaged as a result of Defendant's unwillingness to accept his payments during the loan modification process. (doc. 1-8 at 4.) In determining whether an alleged harm constitutes actual damages, "causation is key." *Ruiz*, 2018 WL 4772410, at *3. A servicer's refusal to accept a borrower's payments is not considered a violation of Regulation X. *See generally* 12 C.F.R. § 1024 *et seq*. Moreover, Plaintiff's allegation is conclusory because he fails to allege facts that this conduct was the cause of his damaged credit reputation. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 768–69 (N.D. Tex. 2012) ("Apart from her conclusory allegation that she seeks damages, Plaintiff has failed to specify any

facts giving rise to a reasonable inference that she suffered actual damages from a violation of § 2605(c)."), *recommendation adopted by* 880 F. Supp.2d 747 (N.D. Tex. 2012); *see, e.g., Solis*, 2017 WL 4479957, at *4 (explaining that the conclusory allegation that the damages were based on the violations of § 1024.41 are properly dismissed because they "fail to establish a nexus between any of [the defendant's] alleged RESPA violations and the damages suffered as a result"); *Armendariz*, 2015 WL 3504961, at *5 (dismissing a plaintiff's RESPA claim where the plaintiff failed to allege any facts supporting a reasonable inference that the servicer's failure to provide the required notice caused the plaintiff to incur actual damages).

Because Plaintiff's amended petition has not alleged actual damages, and he has not pled a plausible claim for RESPA violations, his claims are also subject to dismissal on this basis. *See Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 795 (5th Cir. 2014) ("Because [the plaintiff] alleged no facts upon which his injuries could be viewed as resulting from [the defendant's] failure to provide him with notice under RESPA, we conclude that the district court correctly dismissed his claim."); *Hurd,* 880 F. Supp.2d at 768 (dismissing claim under RESPA where plaintiff failed to "alleg[e] any facts giving rise to a reasonable inference that she suffered actual damages from the alleged violation of. . . RESPA").

### 2.  **Statutory Damages**

In addition to recovering actual damages for a defendant's RESPA violations, a court may also award up to $2,000 in statutory damages if the defendant engaged in "a pattern or practice of noncompliance." *See* 12 U.S.C. § 2605(f)(1)(B); *Herrera v. Wells Fargo Bank, N.A.*, No. H-13-68, 2013 WL 961511, at *11 (N.D. Tex. Mar. 12, 2013). To survive a motion to dismiss on a statutory damages claim, the plaintiff must allege facts that the defendant has engaged in a pattern or practice of RESPA violations. *See Allen*, 2017 WL 3421067, at *4.

Here, Plaintiff simply states that statutory damages of up to $2,000 are recoverable under § 2605(f). (doc. 1-8 at 6.) Because Plaintiff makes no allegations of a pattern or practice of misconduct by Defendant, his claim for statutory damages is conclusory and should be dismissed. *See Allen*, 2017 WL 3421067, at *4 ("[T]he Allens have not alleged a pattern or practice of misconduct, as required for statutory damages[.]").

In conclusion, Defendant's motion to dismiss Plaintiff's claims should be granted.

## IV.  RECOMMENDATION

Defendant's motion for judgment on the pleadings should be **GRANTED**, and the plaintiff's claims should be **DISMISSED with prejudice**.[4]

**SO RECOMMENDED** on this 7th day of December, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] In the conclusion and prayer to his response to the motion for judgment on the pleadings, Plaintiff "requests ... alternatively, should the Court determine that a more definite statement as to any claim would be necessary in the interest of justice, that Plaintiff be permitted to replead to that effect and to cure any inadvertent errors of date or party reference." (doc. 16 at 4.) To the extent that Plaintiff is seeking leave to amend his complaint, this statement does not comply with Fed. R. Civ. P. 7(b), which requires that a motion state the grounds for relief, and Local Rule 7.1 of the Local Civil Rules for the Northern District of Texas, which sets out the requirements for motions. It also does not comply with Local Civil Rule 15.1, which provides that a party must attach the proposed amended pleading as an exhibit when it files a motion for leave to file an amended pleading. Compliance with the rules of procedure is required of all parties, whether or not they are represented by counsel, and leave to amend may be denied for noncompliance. *Shabazz v. Franklin*, 380 F. Supp.2d 793, 798 (N.D. Tex. 2005) (accepting recommendation). Notably, the deadline for amending pleadings had already passed at the time that Plaintiff filed his response. Any intended motion is **DENIED** without prejudice to filing a motion that complies with the applicable rules of civil procedure, the local rules, and the scheduling order.

# INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on the parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglas v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE